**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**ROANOKE DIVISION**

| | | |
|---|---|---|
| **FEDERAL-MOGUL CORPORATION** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No: 7:15cv700** |
| | ) | |
| **LCM CORPORATION** | ) | |
| **Defendant.** | ) | |
| | ) | |

## ANSWER

Defendant, LCM Corporation ("Defendant" or "LCM"), states the following for its Answer in Response to the Complaint filed by Plaintiff Federal-Mogul Corporation.

### Nature of the Case

1. Paragraph 1 of the Complaint is compound paragraph with multiple factual allegations, summaries and legal conclusions to which no response is required. The extent a response is required, Defendant denies the allegations in this paragraph and demands strict proof thereof.

### Parties

2. The allegations in Paragraph 2 of the Complaint are admitted upon information and belief.

3. The allegations in Paragraph 3 of the Complaint are admitted.

### Jurisdiction and Venue

4. The allegations in Paragraph 4 of the Complaint are admitted.

5. The allegations in Paragraph 5 of the Complaint are admitted.

6. The allegations contained in Paragraph 6 of the Complaint are admitted.

## **Factual Background**

7. The allegations contained in Paragraph 7 of the Complaint are admitted upon information and belief.

8. LCM admits that it was in the business of hazardous waste remediation/removal. The characterization of expert is a legal conclusion to which no response is required.

9. LCM admits the allegations contained in Paragraph 9 of the Complaint.

10. LCM is without sufficient information to admit or deny the allegations contained in Paragraph 10 of the Complaint.

11. LCM is without sufficient information to admit or deny the allegations contained in Paragraph 11 of the Complaint.

12. LCM is without sufficient information to admit or deny the allegations contained in the Paragraph 12 of the Complaint.

13. LCM is without sufficient information to admit or deny the allegations contained in Paragraph 13 of the Complaint.

14. LCM is without sufficient information to admit or deny the allegations contained in Paragraph 14 of the Complaint.

15. LCM is without sufficient information to admit or deny the allegations contained in Paragraph 15 of the Complaint.

16. LCM is without sufficient information to admit or deny the allegations contained in Paragraph 16 of the Complaint.

17. LCM is without sufficient information to admit or deny the allegations contained in Paragraph 17 of the Complaint.

18. LCM is without sufficient information to admit or deny the allegations contained in

Paragraph 18 of the Complaint.

19. It is admitted that Exhibit 1 was attached to the Complaint and it is further admitted that it purports to be portions of LCM's former website.

20. LCM admits that it has work experience at Radford Army Ammunition Plan in Radford, Virginia, however, it denies the remaining allegations in Paragraph 20 and demands strict proof thereof.

21. LCM admits the allegations contained in Paragraph 21 of the Complaint.

22. The allegations contained in Paragraph 22 of the Complaint are admitted upon information and belief.

23. The allegations contained in Paragraph 23 of the Complaint are admitted upon information and belief.

24. LCM denies the allegations contained in Paragraph 24 and demands strict proof thereof.

25. The allegations contained in Paragraph 25 of the Complaint are admitted upon information and belief.

26. The allegations contained in Paragraph 26 of the Complaint are denied and demands strict proof thereof.

27. Paragraph 27 of the Complaint mischaracterizes LCM's submission as a "formal proposal," and thus the allegations are denied and demands strict proof thereof.

28. It is admitted that Exhibit 2 was attached to the Complaint. The best evidence of the contents of the documents referenced in Exhibit 2 are the documents themselves and any allegations contained in Paragraph 28 that is contrary to the written documents is denied and

demands strict proof thereof. LCM further denies the characterization of the documents and demands strict proof thereof.

29. The best evidence of the contents of the documents referenced in Paragraph 29 are the documents themselves and any allegations contained in Paragraph 29 that is contrary to the written documents is denied and demands strict proof thereof. LCM further denies the characterization of the documents and demands strict proof thereof.

30. The best evidence of the contents of the documents referenced in Paragraph 30 are the documents themselves and any allegations contained in Paragraph 30 that is contrary to the written documents is denied and demands strict proof thereof. LCM further denies the characterization of the documents and demands strict proof thereof.

31. The allegations contained in Paragraph 31 are admitted upon information and belief.

32. The allegations contained in Paragraph 32 are admitted upon information and belief.

33. The allegations contained in Paragraph 33 are admitted upon information and belief.

34. LCM denies the allegations contained in Paragraph 34 and demands strict proof thereof.

35. LCM is without sufficient information to admit or deny the allegations contained in Paragraph 35 and demands strict proof thereof.

36. LCM admits the allegations in Paragraph 36 upon information and belief.

37. The allegations contained in Paragraph 37 are admitted upon information and belief.

38. The allegations contained in Paragraph 38 are admitted upon information and belief.

39. LCM denies the allegations contained in Paragraph 39 and demands strict proof thereof.

40. LCM denies the allegations contained in Paragraph 40 and demands strict proof

thereof.

41. LCM denies the allegations contained in Paragraph 41 and demands strict proof thereof.

42. LCM denies the allegations contained in Paragraph 42 and demands strict proof thereof.

43. LCM denies the characterization of "common occurrence" in Paragraph 43 and demands strict proof thereof.

44. LCM denies the allegations contained in Paragraph 44 and demands strict proof thereof.

45. The allegations contained in Paragraph 45 are admitted upon information and belief.

46. The allegations contained in Paragraph 46 are denied and LCM demands strict proof thereof.

47. The allegations contained in Paragraph 47 are admitted upon information and belief.

48. The allegations contained in Paragraph 48 are admitted upon information and belief.

49. The allegations contained in Paragraph 49 are admitted upon information and belief.

50. LCM denies the allegations contained in Paragraph 50 of the Complaint and demands strict proof thereof.

51. The allegations contained in Paragraph 51 are denied and demands strict proof thereof.

52. The allegations contained in Paragraph 52 are admitted upon information and belief.

53. LCM denies the allegations contained in Paragraph 53 and demands strict proof thereof.

54. LCM denies the allegations contained in Paragraph 54 and demands strict proof

thereof.

55. LCM admits the allegations contained in Paragraph 55 upon information and belief.

56. LCM admits that it was issued a citation and fine by the Department of Labor, but denies that characterization of the citation and fine as the information contained in the Complaint is incomplete.

57. LCM denies the allegations contained in Paragraph 57 and demands strict proof thereof.

58. LCM is without sufficient information to admit or deny the costs incurred by Federal-Mogul and thus denies the same. LCM denies the remaining allegations contained in Paragraph 58.

## COUNT I- BREACH OF CONTRACT

59. LCM incorporates its responses to the preceding paragraphs as if fully set out below.

60. LCM denies the allegations contained in Paragraph 60 and demands strict proof thereof.

61. LCM denies the allegations contained in Paragraph 61 and demands strict proof thereof.

62. Paragraph 62 contains legal conclusions to which no response is required. To the extent a response is required, LCM denies the allegations contained therein.

63. Paragraph 63 contains legal conclusions to which no response is required. To the extent a response is required, LCM denies the allegations contained therein.

64. Paragraph 64 contains legal conclusions to which no response is required. To the extent a response is required, LCM denies the allegations contained therein.

65. Paragraph 65 contains legal conclusions to which no response is required. To the

extent a response is required, LCM denies the allegations contained therein.

66. Paragraph 66 contains legal conclusions to which no response is required. To the extent a response is required, LCM denies the allegations contained therein.

67. Paragraph 67 contains legal conclusions to which no response is required. To the extent a response is required, LCM denies the allegations contained therein.

68. LCM denies the allegations contained in Paragraph 68 and demands strict proof thereof.

69. LCM denies the allegations contained in Paragraph 69 and demands strict proof thereof.

70. LCM denies the allegations contained in Paragraph 70 and demands strict proof thereof.

## COUNT II - NEGLIGENCE

71. LCM incorporates its responses to the preceding paragraphs as if fully set forth below.

72. Paragraph 72 contains legal conclusions to which no response is required. To the extent a response is required, LCM denies the allegations and demands strict proof thereof.

73. Paragraph 73 contains legal conclusions to which no response is required. To the extent a response is required, LCM denies the allegations and demands strict proof thereof.

74. Paragraph 74 contains legal conclusions to which no response is required. To the extent a response is required, LCM denies the allegations and demands strict proof thereof.

75. Paragraph 75 contains legal conclusions to which no response is required. To the extent a response is required, LCM denies the allegations and demands strict proof thereof.

76. Paragraph 76 contains legal conclusions to which no response is required. To the

extent a response is required, LCM denies the allegations and demands strict proof thereof.

77. Paragraph 77 contains legal conclusions to which no response is required. To the extent a response is required, LCM denies the allegations and demands strict proof thereof.

78. LCM denies the allegations contained in Paragraph 78 and demands strict proof thereof.

79. LCM denies the allegations contained in Paragraph 79 and demands strict proof thereof.

80. LCM is unwilling to waive a trial by jury at this time. A jury trial is DEMANDED.

81. LCM denies the allegations contained in the WHEREFORE paragraph of the Complaint and demands strict proof thereof.

82. LCM denies any allegations not specifically admitted herein.

83. Plaintiff has failed to state a cause of action.

84. LCM avers that Plaintiff's injuries and damages were the result of another or others over whom it had no control and for whom it is not responsible at law.

85. LCM denies that it is indebted to Plaintiff in any manner or for any amount.

86. LCM denies that Plaintiff has been damages in the amount and to the extent alleged.

87. LCM reserves the right to assert at trial any and all properly provable defenses it may have to this action and further reserves the right to amend its Answer accordingly.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant LCM denies it is liable to Plaintiff and respectfully requests of this Court as follows:

1. The Plaintiff have and recover nothing from this defendant and the claims against this defendant be dismissed with prejudice.

2. The cost of this action be taxed to the Plaintiff.

3. The Court grant to defendant such other and further relief as is just and proper.

Respectfully Submitted,

LCM CORPORATION

By: s/ Erin E. Slusser
Of Counsel

M. Scott Fell, Esquire
VSB No.: 30443
Erin E. Slusser, Esquire
VSB No.: 45867
Kalbaugh, Pfund & Messersmith, P.C.
2840 Electric Road, Suite 111
Roanoke, Virginia 24018
Phone: (540) 776-3583
Facsimile: (540) 776-1542
scott.fell@kpmlaw.com
erin.slusser@kpmlaw.com

CERTIFICATE OF SERVICE

I certify on this 21st day of April, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF syst3em, which sent notification of filing to the following:

Guy M. Harbert, III, Esquire
Gentry, Locke, Rakes & Moore, LLP
Post Office Box 40013
Roanoke, Virginia 24022-0013

s/Erin E. Slusser
Erin E. Slusser